# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHUPINDER SINGH,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-00675-KES-EPG-HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR DISCOVERY IN PART, SETTING BRIEFING SCHEDULE, AND DENYING PETITIONER'S MOTION TO EXPEDITE CONSIDERATION<br><br>(ECF Nos. 23, 30) |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner has moved for discovery and requests the Court to direct Respondents to provide the following documents:

> 1. Mr. Singh's entire A-file;
>
> 2. Transcripts, or, failing that, recordings of any and all hearings that have taken place in Mr. Singh's case before the immigration courts.
>
> 3. Any and all requests from ICE to any diplomatic representative of India pertaining to travel documents that would facilitate Mr. Singh's removal to India, and any responsive or related correspondence to or from those diplomatic representatives pertaining to these requests for travel documents.
>
> 4. Any and all documents pertaining to periodic custody reviews for all periods of time that Mr. Singh has been in ICE custody.

> 5. Any and all documents relating to any determination regarding whether there is a significant likelihood of removing Mr. Singh in the reasonably foreseeable future.

(ECF No. 23 at 2.)

Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases ("Habeas Rules"),[1] it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course."); McDaniel v. U.S. District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Habeas Rule 6(a). Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (citing Harris v. Nelson, 394 U.S. 287 (1969)). If good cause is shown, the extent and scope of discovery is within the Court's discretion. See Habeas Rule 6(a).

The Court will grant Petitioner's discovery request in part and direct Respondents to file a copy of the I-200 warrant, a transcript or recording of the November 18, 2025 bond hearing, and transcripts or recordings of any other bond hearings held in Petitioner's immigration proceedings. The Court finds the request for the entire A-file, transcripts or recordings of all hearings in the immigration proceeding, and documents regarding Petitioner's removal to be overbroad.

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motion for discovery (ECF No. 23) is GRANTED in part.
2. Within seven (7) days of the date of service of this order, Respondents SHALL FILE with the Court a copy of the I-200 warrant, a transcript or recording of the November 18, 2025 bond hearing, and transcripts or recordings of Petitioner's other bond hearings, if any.

\\\

---

[1] The Rules Governing Section 2254 Cases may apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

3. Within seven (7) days of the date of Respondents' filing of the above, Petitioner MAY FILE a supplemental brief.
4. Within seven (7) days of the date of service Petitioner's supplemental brief, Respondents MAY FILE a response.
5. Petitioner's motion to expedite consideration (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: **August 13, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE